UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN ELLERSICK, DAVID ELLERSICK, LEWIS C.
YOUNGS, JR., RICHARD CURRY, JR., AND RICHARD
H. TEMPLE, on Behalf of Themselves and all Others
Similarly Situated,

                                  Plaintiffs,

         -vs-

MONRO MUFFLER BRAKE, INC. and
MONRO SERVICE CORPORATION,

                               Defendants.
_____

**SECOND AMENDED
CLASS AND
COLLECTIVE ACTION
COMPLAINT**

10-CV-6525(S)

## PRELIMINARY STATEMENT

1.      John Ellersick, David Ellersick, Lewis C. Youngs, Jr., Richard Curry, Jr., and

Richard H. Temple (collectively referred to herein as the "Named Plaintiffs"), by and through

their attorneys, Faraci Lange LLP, bring this collective and class action on their own behalf and

on behalf of the proposed classes identified below.  The Named Plaintiffs and the putative class

members were or are employed as "Technicians" and/or "Mechanics" in Defendants' stores.

2.      The Named Plaintiffs and all of the putative class employees are similarly situated

under Rule 23 of the Federal Rules of Civil Procedure and/or the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 216(b), as described below.

3.      The Collective Class is comprised of all persons within the United States who are

or have been employed by Defendants and worked as a "Technician" and/or "Mechanic" and

who have been denied regular, overtime and meal and rest period compensation as required by

the FLSA at any time within three years prior to the filing date of this action through the date of

final disposition.

4.      The First Subclass is comprised of all persons who are or have been employed by Defendants and worked as a "Technician" and/or "Mechanic" in New York and/or Pennsylvania and who have been denied regular, overtime and meal and rest period compensation as required by the labor laws of New York and Pennsylvania (hereinafter, the "respective State Labor Laws") and implementing regulations at any time within six years prior to the filing date of this action through the date of final disposition.

5.      The Second Subclass is comprised of all persons who are or have been employed by Defendants and worked as a "Technician" and/or "Mechanic" in New York and/or Pennsylvania and from whom Defendants have made deductions from their wages and compensation in violation of the respective State Labor Laws and implementing regulations at any time within six years prior to the filing date of this action through the date of final disposition.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the FLSA 29 U.S.C. § 201 *et seq.*   The Named Plaintiffs have signed consent forms to join this lawsuit.  *See* Docket No. 1-2; Docket No. 10.

7.      The Court has supplemental jurisdiction over the related State Labor Law claims pursuant to 28 U.S.C. § 1367.

8.      Venue is proper in the United States District Court for the Western District of New York pursuant to 28 U.S.C. § 1391, because, upon information and belief, Monro Muffler Brake, Inc. ("Monro") is a business corporation organized and existing under the laws of the State of New York with its principal executive office at 200 Holleder Parkway, Rochester, New York and Monro Service Corporation ("Monro Service") maintains its principal offices at the

2

same location and a substantial part of the events giving rise to the claims occurred in this district.

**PARTIES**

9.     Plaintiff John Ellersick is a resident of the State of New York who was employed by Defendants from approximately January, 2008 to December, 2009, and worked as a "Technician" and/or "Mechanic".   He worked at Monro's Newark location.

10.     Plaintiff David Ellersick is a resident of the State of New York who was employed by Defendants at various times from 2004 to 2010, and worked as a "Technician" and/or "Mechanic".  He worked at Monro's Geneva, Newark, and Victor locations.

11.     Plaintiff Richard Curry, Jr. is a resident of the State of New York who was employed by Defendants from approximately October, 2007 to May, 2009, and worked as a "Technician" and/or "Mechanic".  He worked at Monro's Bath location.

12.     Plaintiff Lewis C. Youngs, Jr. is a resident of the State of New York who was employed by Defendants from approximately February, 2008 to December, 2008, and worked as a "Technician" and/or "Mechanic".  He worked at Monro's Bath location.

13.     Plaintiff Richard H. Temple is a resident of the State of Ohio who was employed by Defendants from approximately June, 2009 through September, 2010, and worked as a "Technician" and/or "Mechanic".  He worked at Monro's Erie, PA and Edinborough, PA locations.

14.     The Named Plaintiffs bring this action on their own behalf and on behalf of the Collective Class, the First Subclass and Second Subclass.

15.     Upon information and belief, Defendant Monro is a business corporation organized and existing under the laws of the State of New York with its principal executive

office at 200 Holleder Parkway, Rochester, New York. As March 26, 2011, Monro had a total of five hundred and fifty-one (547) Service Stores located in Connecticut, Delaware, Indiana, Maine, Maryland, Massachusetts, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Vermont, Virginia and West Virginia. As of March 26, 2011, Monro had a total of (234) Tire Stores located in  Delaware, Illinois, Indiana, Maine, Maryland, Massachusetts, Missouri, New Hampshire, New Jersey, New York, Ohio, Pennsylvania, Rhode Island, South Carolina, Vermont and Virginia.

16.     Defendant Monro Service is a wholly-owned subsidary of Monro.  Monro Service is a Delaware corporation qualified to do business in the State of New York. Upon information and belief, Monro Service holds all assets, rights, responsibilities and liabilities associated with the Monro's warehousing, purchasing, advertising, accounting, office services, payroll, cash management and certain other operations that are performed in New York, Maryland, Illinois and New Hampshire and as such is a joint employer of the Named Plaintiffs and similarly situated persons.

## COLLECTIVE ACTION ALLEGATIONS

17.     With regard to the Collective action, Named Plaintiffs bring this action on behalf of themselves and all other similarly situated employees as authorized under 29 U.S.C. § 216(b). The employees similarly situated for purposes of the Collective Class are:

> COLLECTIVE CLASS:  All persons within the United States who are or have been employed by Defendants and worked as a "Technician" and/or "Mechanic" and who have been denied regular, overtime and meal and rest period compensation as

required by the FLSA at any time within three years prior to the filing date of this action through the date of final disposition (the Collective Class Period).

18.     Upon information and belief, Defendants' actions in failing to pay proper wages and/or overtime as required by the FLSA was applied not just to the Named Plaintiffs but was and is a common policy and/or practice applied to all members of the Collective Class.

19.     Upon information and belief, Defendants suffered and permitted the Named Plaintiffs and the Collective Class to work regular and overtime periods without proper compensation.

20.     Upon information and belief, Defendants knew that the Named Plaintiffs and the Collective Class performed work without clocking in, and Defendants have operated under a common policy and/or practice to deprive such employees of regular and overtime compensation by failing to properly compensate them for all hours worked.

21.     Defendants' conduct as alleged herein was willful and in bad faith and has damaged the Named Plaintiffs and the Collective Class.

22.     The members of the Collective Class are entitled to notice of this lawsuit and should be afforded an opportunity to opt-in to it, pursuant to 29 U.S.C. § 216(b).  There are numerous similarly situated current and former employees of Defendants who have been denied regular and overtime compensation in violation of the FLSA who would benefit from the issuance of a Court supervised notice of this lawsuit and the opportunity to join it.  Those similarly situated employees are known to Defendants and are readily identifiable through their records.

## CLASS ACTION ALLEGATIONS

23.     The Named Plaintiffs bring this action pursuant to Rule 23(b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of themselves and the following similarly situated persons:

> FIRST SUBCLASS:  All persons who are or have been employed by Defendants and worked as a "Technician" and/or "Mechanic" in New York and/or Pennsylvania and who have been denied regular, overtime and meal and rest period compensation as required by the respective State Labor Laws and implementing regulations at any time within six years prior to the filing date of this action through the date of final disposition ("the First Subclass Period).

> SECOND SUBCLASS:  All persons who are or have been employed by Defendants and worked as a "Technician" and/or "Mechanic" in New York and/or Pennsylvania and from whom Defendants have made deductions from their wages and compensation in violation of the respective State Labor Laws and implementing regulations at any time within six years prior to the filing date of this action through the date of final disposition ("the Second Subclass Period").

24.     The proposed First and Second Subclasses are so numerous that joinder of all members is impracticable.  Upon information and belief, during the relevant time period, Defendants employed thousands of people as Technicians and/or Mechanics in New York and Pennsylvania.

25.     The claims of the Named Plaintiffs are typical of the members of the First Subclass and Second Subclass.

26.     Upon information and belief, during the First Subclass Period, the Named Plaintiffs and similarly situated persons regularly worked more than forty hours per week, including working through meal and/or rest periods, and/or were required to work regular hours and overtime without compensation, and during the Second Subclass Period, Defendants made deductions from the wages and compensation of the Named Plaintiffs, and similarly situated persons, not authorized under the respective State Labor Laws.

27.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources and incentives to prosecute separate lawsuits against Defendants.  Prosecuting thousands of identical, individual lawsuits would not promote judicial efficiency or equity and consistency in judicial results.

28.     Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

29.     Questions of law and fact are common to the Subclasses and predominate over any individual questions. Such common questions of law and fact include, but are no limited to:

a.     Whether Defendants violated the respective State Labor Laws and supporting regulations by failing to properly pay its Technicians and/or Mechanics;

b.     Whether Defendants correctly compensated Named Plaintiffs and the members of the First Subclass for all hours worked, including hours worked in excess of 40 per week and during meal and/or rest periods, as required by the respective State Labor Laws and supporting regulations;

c.     Whether Defendants made unlawful deductions from the wages of Named Plaintiffs and the members of the Second Subclass;

d.     Whether Defendants improperly calculated the regular rate of Named Plaintiffs and the First Subclass;

e.     The proper amount of damages to which the Subclasses are entitled;

f.     Whether Defendants failed to keep accurate records of the hours worked by Named Plaintiffs and the First Subclass as required by the respective State Labor Laws;

g.     Whether Defendants' policy of failing to pay Named Plaintiffs and the Subclasses was willful or engaged in with reckless disregard of the law.

30.     Named Plaintiffs are adequate class representatives and will fairly and adequately represent and protect the interests of the Rule 23 Class because their claims are the same as those of the members of the Rule 23 Class, and because Named Plaintiffs have retained counsel competent and experienced in complex class action and employment litigation.

31.     This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(2), since the unlawful actions of the Defendants, as alleged herein, apply generally to the Subclasses, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Classes as a whole.

32.     Alternatively, this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(1)(A), as the prosecution of separate actions by individual members of the Subclasses would create a risk of inconsistent or varying adjudications with respect to individual members, which would establish incompatible standards of conduct for the Defendants who oppose the Subclasses.

33.     Alternatively, this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) as common questions of law and fact described above predominate over any questions affecting only individual members for the Subclasses, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  Defendants' common and uniform policies and practices denied the First Subclass the regular and overtime pay to which they are entitled and resulted in Defendants making illegal deductions from the wages and compensation of the Second Subclass.  The damages suffered by the individual class members are small compared to the expense and burden of individual prosecution of this litigation.  Class

certification is also superior because it will obviate the need for duplicative litigation that might result in inconsistent judgments about Defendants' conduct.

## STATEMENT OF FACTS

34.     Defendants provide a broad range of services for automobile maintenance, including, but not limited to, services for brakes, mufflers, exhaust systems, steering, drive train, suspension and wheel alignment. The Defendants also provide other products and services including tires, routine maintenance, and state inspections. Defendants provide these services in the Western District of New York, and throughout the United States.

35.     Defendants are engaged in commerce with annual gross revenues in excess of $500,000.00, and thus are subject to the requirements of the FLSA.

36.     Each of the Named Plaintiffs and all other similarly situated individuals in the Collective Class is or was a covered employee within the meaning of  the FLSA, 29 U.S.C. § 203.

37.     Each of the Named Plaintiffs and all other similarly situated individuals in the First and Second Subclasses is or was a covered employee within the meaning of the respective State Labor Laws.

38.     As a matter of common practice and policy for at least the past six years, Defendants regularly suffered, permitted and/or required the Named Plaintiffs, Collective Class, and the First Subclass members to work regular hours and overtime without properly compensating the employees for such work.   Defendants' conduct included, but is not limited to, Defendants telling employees not to clock-in, Defendants clocking out employees while the employees continued to work, Defendants altering time records, and not paying employees who worked during meal and/or rest periods.

39.     As a matter of common practice and policy for at least the past six years, Defendants made unlawful deductions from the wages of Named Plaintiffs and the Second Subclass, including, but not limited to, making deductions for: ASE test fees, State Inspection License and renewal fees, tools, tool insurance, equipment, and uniforms.

40.     As a matter of practice and policy, Defendants did not maintain accurate records of hours worked by the Named Plaintiffs, the Collective Class and the First Subclass members.

41.     As a matter of common practice and policy, Defendants did not include all wages earned by Named Plaintiffs, the Collective Class, and the First Subclass members for the purpose of calculating the individual's regular rate of pay for overtime pursuant to the FLSA and respective State Labor Laws.

42.     Named Plaintiffs and those individuals similarly situated were regularly required to work during unpaid meal periods and without clocking in.

43.     Defendants' conduct violates the FLSA and the respective State Labor Laws.

44.     Defendants willfully failed to pay the Named Plaintiff and members of the Collective Class and Subclass for all hours worked in a week and required overtime compensation and/or showed reckless disregard for the fact that they were required to do so by the FLSA and respective State Labor Laws.  Defendants willfully made unlawful deductions from the wages and compensation of the Named Plaintiffs and the Second Subclass and/or showed reckless disregard for the requirements of the respective State Labor Laws in doing so.

## FIRST CAUSE OF ACTION

## Unpaid Wages/Overtime in Violation of the FLSA

45.     Named Plaintiffs incorporate by reference paragraphs 1-45 of this Complaint.

46.     Section 206 of the FLSA (29 U.S.C. § 206) requires that covered employees be compensated for every hour worked in a workweek at no less than the applicable minimum wage.

47.     Section 207 of the FLSA (29 U.S.C. § 207) requires that covered employees be compensated at the rate of one and one-half times his/her regular rate for all hours worked over forty in a workweek.

48.     Named Plaintiffs and the Collective Class are covered employees under the FLSA and entitled to its protections.

49.     Named Plaintiffs and members of the Collective Class are not exempt from receiving overtime compensation.

50.     Defendants failed to accurately record actual hours worked by its employees, in all cases, to the detriment of the employees.

51.     During all relevant time periods, Defendants would clock out employees at or around 7:00 p.m. while such employees continued to work. The employees would not be compensated for the related work time.

52.     During all relevant time periods, Defendants would tell employees not to clock in if they had worked at or around forty or more hours in a week or were statistically not meeting productivity quotas; however, the employees were required to report to and engage in work during the related time periods. The employees would not be compensated for this work time.

53.     Upon information and belief, employees who failed to follow Defendants' directives were terminated from employment or received a lower guarantee rate.

54.     As a matter of practice and policy, Defendants did not include all wages earned by Named Plaintiffs and the Collective Class for the purpose of calculating each individual's regular rate of pay for overtime purposes.

55.     Defendant violated the FLSA by failing to pay Named Plaintiffs and other members of the Collective Class proper compensation for all hours worked and for time spent working in excess of forty hours during each workweek.

56.     In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

57.     By their actions, Defendants have violated the FLSA to the injury of the Named Plaintiffs and the Collective Class members.

## SECOND CAUSE OF ACTION

### Unpaid Wages/Overtime

58.     Named Plaintiffs incorporate by reference paragraphs 1-58 of this Complaint.

59.     The respective State Labor Laws require that covered employees be compensated for every hour worked in a workweek at no less than the minimum wage and be paid overtime at the rate of one and one-half times his/her regular rate for all hour worked over forty in a workweek.

60.     Defendants have had a common policy and practice of failing to pay minimum wages for all hours worked and proper overtime to the Named Plaintiffs and the First Subclass for their hours worked.

61.     Named Plaintiffs and the First Subclass are covered employees entitled to the protections of the respective State Labor Laws and supporting regulations.

62.     Named Plaintiffs and members of the First Subclass are not exempt from receiving overtime benefits.

63.     As a matter of practice and policy, Defendants did not include all wages earned by Named Plaintiffs and the First Subclass members for the purpose of calculating the individual's regular rate of pay for overtime pursuant to the respective State Labor Laws.

64.     As a direct and proximate cause of Defendants' failure to compensate employees for every hour worked in a workweek at no less than the minimum wage, Defendants violated N.Y. Lab. Law §§ 191 *et seq.* and 650 *et seq.* and 12 N.Y. Comp. Codes R. and Regs. § 142-2.1 *et seq.*, and 43 P.S. § 333.101 *et seq.*, 43 P.S. § 260.1 *et seq.* and 34 Pa. Code § 231.1 *et seq.*

65.     As a direct and proximate cause of Defendants' failure to pay overtime at the rate of one and one-half times an employees' regular rate for all hour worked over forty in a workweek, Defendants violated N.Y. Lab. Law § 655(5)(b), 12 N.Y. Comp. Codes R. and Regs. § 142-2.2, and 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

66.     In violating the respective State Labor Laws, Defendants acted willfully and with reckless disregard of clearly applicable provisions of the respective State Labor Laws.

67.     By their actions, Defendants have violated the respective State Labor Laws to the injury of the Named Plaintiffs and the First Subclass members.

## THIRD CAUSE OF ACTION

### Unlawful Deductions From Wages

68.     Named Plaintiffs incorporate by reference paragraphs 1-68 of this Complaint.

69.     The respective State Labor Laws prohibit an employer from making unlawful deductions from the wages of an employee.

70.     During all relevant time periods, Defendants deducted amounts directly from the wages of Named Plaintiffs and members of the Second Subclass, which do not fall within the categories of deductions authorized by the respective State Labor Laws.

71.     During all relevant time periods, Defendants made unlawful deductions from the wages of Named Plaintiffs and member of the Second Subclass, including, but not limited to deductions for: ASE test fees, Inspection License fees and/or renewal fees, tools, tool insurance, equipment and uniforms.

72.     By their actions, Defendants have violated N.Y. Lab. Law § 193 and 12 N.Y. Comp. Codes R. and Regs. §§ 142-2.10 and 195.1, and 43 P.S. § 260.3 and 34 Pa. Code §§ 9.1 and 9.103(10).

73.     In violating the respective State Labor Laws, Defendants acted willfully and with reckless disregard of clearly applicable laws.

74.     By their actions, Defendants have violated the respective State Labor Laws to the injury of the Named Plaintiffs and the Second Subclass members.

## PRAYER FOR RELIEF

**WHEREFORE,** Named Plaintiffs, individually and on behalf of the Collective Class and First and Second Subclasses, pray for judgment against Defendants, jointly and severally, as follows:

a.     That the Court certify the First Cause of Action as a collective action, pursuant to 29 U.S.C. § 216(b), and Defendants be found to have violated the provisions of the FLSA by failing to pay for all hours worked in a week and required overtime compensation to the Named Plaintiff and the Collective Class;

b.	That the Court determine that the Second and Third Causes of Action may proceed as a class action pursuant to Fed. R. Civ. Proc. 23;

c.	That the Court determine that Defendants have violated the respective State Labor Laws and supporting regulations by failing to pay for all hours worked in a week and required overtime compensation to the Named Plaintiffs and the First Subclass;

d.	That the Court determine that Defendants have violated the respective State Labor Laws and supporting regulations by making illegal deductions from the wages and compensation of the Named Plaintiffs and the Second Subclass;

e.	That Defendants' violations of the FLSA and the respective State Labor Laws be found to be willful;

f.	For an Order by the Court enjoining Defendants from continuing those wage payment practices and policies that violate the respective State Labor Laws;

g.	Judgment against Defendants for an amount equal to Named Plaintiffs', Collective Class members' and First Subclass members' unpaid wages at their applicable regular rate and/or overtime rate and unpaid benefits occurring as a result of such non-payment;

h.	Judgment against Defendants for an amount equal to Named Plaintiffs' and Collective Class members' unpaid wages as liquidated damages;

i.	Judgment against Defendants for an amount equal to the wages illegally deducted from the wages of the Named Plaintiffs and the Second Subclass in violation of the respective State Labor Law;

j.	Judgment against Defendants for prejudgment interest on all sums recovered from Defendants in this action;

k.	Costs, expenses and attorneys' fees to the extent allowed by the law;

l.       Such other and further relief as the Court may deem just and equitable; and

m.       To the extent that any respective State Labor Law may act as a bar to maintenance under it of claims asserted under the First and Second Subclass because such respective State Labor Law allows for the recovery of liquidated damages or any penalty, the Named Plaintiffs do not seek to recover liquidated damages or any other penalty thereunder.

## DEMAND FOR TRIAL BY JURY

Named Plaintiffs, on behalf of themselves and all others similarly situated, demand a trial by jury.

Dated:  November 12, 2012               By:    s/Kathryn K. Lee
                                               Attorneys for Plaintiffs
                                               FARACI LANGE, LLP
                                               28 East Main Street, Suite 1100
                                               Rochester, New York 14614
                                               Telephone: (585) 325-5150
                                               klee@faraci.com