UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN ELLERSICK, DAVID ELLERSICK, LEWIS C.
YOUNGS, JR., RICHARD CURRY, JR., and RICHARD H.
TEMPLE,
on behalf of themselves and all other employees similarly situated,

                                           Plaintiffs,

                          v.

MONRO MUFFLER BRAKE, INC. and MONRO SERVICE
CORPORATION,

                                   Defendants.

**10-cv-6525G(P)**

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND MARCH 31, 2017 ORDER TO INCLUDE A CERTIFICATION FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

**NIXON PEABODY LLP**
*Attorneys for Defendants Monro Muffler Brake, Inc.
  and Monro Service Corporation*
Stephen J. Jones
Todd R. Shinaman
Kimberly K. Harding
1300 Clinton Square
Rochester, New York 14604
(585) 263-1000

## TABLE OF CONTENTS

**Page(s)**

**PRELIMINARY STATEMENT** ............................................................................. 1

**ARGUMENT** ............................................................................................................ 3

**I.    THE ORDER DOES NOT INVOLVE A CONTROLLING QUESTION OF LAW**. 4

**II.   THE ORDER DOES NOT INVOLVE SUBSTANTIAL GROUNDS FOR DIFFERENCE OF OPINION.** ...................................................................... 8

**III.  IMMEDIATE APPEAL FROM THE ORDER WOULD NOT MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION.** ............. 10

**CONCLUSION** ....................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

FEDERAL CASES

*Bitner v. Wyndham Vacation Resorts, Inc.*,
   No. 13-CV-451, 2013 WL 384388 (W.D. Wis. Jan. 24, 2017) ................................................5

*Casanova v. Gold's Tex. Holdings Grp., Inc.*,
   No. 13-CV-1161, 2016 WL 1446233 (W.D. Tex. Apr. 11, 2016) ...........................................6

*Childers v. N.Y. & Presbyterian Hosp.*,
   36 F. Supp. 3d 292, 316 (S.D.N.Y. 2014) ..............................................................................3

*Espenscheid v. DirectSat USA, LLC*,
   705 F.3d 770 (7th Cir. 2013) ..................................................................................................4

*Gardner v. W. Beef Properties, Inc.*,
   No. 07-CV-2345, 2013 WL 1629299 (E.D.N.Y. Mar. 25, 2013)...........................................7

*Gramercy Advisors, LLC v. Coe*,
   No. 13–CV–9069, 2014 WL 5847442 (S.D.N.Y. Nov. 12, 2014) ..........................................3

*In re Ambac Fin. Grp., Inc. Sec. Litig.*,
   693 F. Supp. 2d 241 (S.D.N.Y. 2010).....................................................................................4

*In re Flour City Bagels, LLC*,
   No. 16-CV-6667, 2017 WL 1433339 (W.D.N.Y. Apr. 24, 2017)...........................................4

*Jackson v. Caribbean Cruise Line, Inc.*,
   88 F. Supp. 3d 129, 141 (E.D.N.Y. 2015) ..........................................................................3, 8

*Lillehagen v. Alorica, Inc.*,
   No. 13-CV-0092, 2014 WL 2009031 (C.D. Cal. May 15, 2014) ..................................4, 5, 10

*Mendez v. Radec Corp.*,
   411 F. Supp. 2d 347 (W.D.N.Y. 2006) ................................................................................3, 5

*Myers v. Hertz Corp.*,
   624 F.3d 537 (2d Cir. 2010).....................................................................................................7

*Oak Forest Prod., Inc. v. Hiscock & Barclay, LLP*,
   114 F. Supp. 3d 76, 81 (W.D.N.Y. 2015) ...........................................................................1, 3

*Stevens v. HMSHost Corp.*,
   No. 10-CV-3571, 2015 WL 926007 (E.D.N.Y. Mar. 4, 2015)................................................9

**FEDERAL STATUTES**

28 U.S.C. § 1292(b) ............................................................................................... passim

29 U.S.C. § 207(i) ................................................................................................. passim

29 U.S.C. § 216(b) ................................................................................................ passim

**RULES**

Federal Rule Civil Procedure 23 ............................................................................. 1, 5

## PRELIMINARY STATEMENT

Defendants Monro Muffler Brake, Inc. and Monro Service Corporation (together, "Monro") submit this memorandum of law in opposition to Plaintiffs' Motion to Amend this Court's March 31, 2017 Order (Dkt. No. 226) (the "Order") to include a certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (the "Motion").[1]

This Court has made clear that "routine resort to 28 U.S.C. § 1292(b) is disfavored as interlocutory review is designed for 'exceptional cases,'" *Oak Forest Prod., Inc. v. Hiscock & Barclay, LLP*, 114 F. Supp. 3d 76, 81 (W.D.N.Y. 2015) (Larimer, J.), and Plaintiffs have fallen woefully short of satisfying the rigorous standards required for the extraordinary relief they seek here.

On March 31, 2017, this Court exercised its broad discretion in deciding whether to permit the instant suit to proceed as a collective action by granting Monro's motion to decertify the conditionally certified action pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. § 216(b). Plaintiffs, unhappy with that outcome, filed the instant Motion, attempting to circumvent well-established appellate procedure by seeking the extraordinary and unusual relief of certification of a legal question for immediate review under 28 U.S.C. § 1292(b).[2] Specifically, Plaintiffs seek to certify the following questions: (1) What is the legal standard that should be applied to decertification of a collective action under the FLSA

---

[1] The Motion also asked the Court to stay this case and toll the dismissed opt-in plaintiffs' and putative Rule 23 class members' claims pending Plaintiffs' appeal, or, in the alternative, to amend the Order to delay the effective date of dismissal. The parties agreed to stipulate to the stay and tolling sought by Plaintiffs and a Stipulation and Order reflecting this agreement was entered on May 4, 2017. *See* Dkt. No. 233. Accordingly, only Plaintiffs' request to amend the Order is currently before this Court.

[2] Plaintiffs have already petitioned for permission to appeal the Order's denial of class certification pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"). That petition remains pending. *See* 2d Cir. Dkt. 17-1083.

Section 216(b), and (2) does an assertion of the FLSA's retail sales exemption affirmative defense categorically preclude collective adjudication?  *See* Motion, at 2.[3]

The instant Motion completely fails to satisfy any of the required criteria for certification under 28 U.S.C. §1292(b).  First, Plaintiffs fail to identify any controlling question of law.  Rather, Plaintiffs attempt to elevate the significance of this Court's decision by mischaracterizing it as a determination that a case involving the 29 U.S.C. § 207(i) ("Section 7(i)") retail sales exemption can never be tried as a collective action.  This Court, based on the extensive evidentiary record before it, made no such categorical ruling.  Rather, it held that application of the Section 7(i) exemption would require highly-individualized analyses antithetical to collective action treatment in this specific case.

Second, even if either of Plaintiffs' proposed questions of law could be deemed controlling, they fail to demonstrate any grounds for difference of opinion, particularly given this Court's well-reasoned decision, which was guided by, and in accord with, the analyses and conclusions of the only two other courts to address such similar circumstances.  Third, even if the previous two factors were satisfied (which they are not), immediate appeal here would remain unwarranted, as the appeal would not materially advance the ultimate termination of the litigation.  Indeed, regardless of whether this case ultimately is adjudicated collectively, or whether any former opt-in plaintiff files an action individually, this Court (or any other district court) would be forced to engage in a week-by-week, employee-by-employee analysis of every individual plaintiff's claims and whether they are precluded by application of Section 7(i) in any particular week.  Because Plaintiffs utterly fail to meet the stringent standard for certifying

---

[3]    References to "Motion" refer to the "Motion to Amend this Court's March 31, 2017 Order To Include A Certification For Interlocutory Appeal Pursuant To 28 U.S.C. § 1292(b)" filed by Plaintiffs on April 20, 2017.  *See* Dkt. No. 227.

questions for interlocutory appeal, Monro urges this Court not to countenance Plaintiffs' naked attempt to circumvent the usual judicial process.

## ARGUMENT

It is well-settled that the decision of whether to grant or deny certification of a legal question for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is entrusted to the sound discretion of the district court. *See, e.g.*, *Oak Forest Prod., Inc.*, 114 F. Supp. 3d at 81 (denying certification pursuant to 28 U.S.C. § 1292(b) where defendant sought "merely to reargue the underlying motion").

In considering a request for certification, the Court examines whether the question to be certified: (1) involves a controlling question of law; (2) as to which there is a substantial ground for difference of opinion; and (3) for which an immediate appeal may materially advance the ultimate termination of the litigation. *See, e.g.*, *Mendez v. Radec Corp.*, 411 F. Supp. 2d 347, 350 (W.D.N.Y. 2006) (Larimer, J.) ("[P]rovisions such as § 1292 authorizing 'appeals from interlocutory orders [should] be strictly limited to the unusual situations wherein such appeals are expressly authorized.'" (internal citation omitted)).  Not only must *all* three of the statutory requirements be satisfied to warrant the extraordinary relief Plaintiffs seek here, but "[e]ven where all three criteria are satisfied, 'district courts have unfettered discretion to deny certification if other factors counsel against it.'"  *See Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 141 (E.D.N.Y. 2015); *see also Gramercy Advisors, LLC v. Coe,* No. 13–CV–9069, 2014 WL 5847442, at *4 (S.D.N.Y. Nov. 12, 2014) (explaining that certification under 28 U.S.C. § 1292(b) "requires exceptional circumstances justifying a departure from the basic policy of postponing appellate review until after the entry of a final judgment"); *Childers v. N.Y. & Presbyterian Hosp.,* 36 F. Supp. 3d 292, 316 (S.D.N.Y. 2014) (noting that the Second Circuit

"urges the district courts to exercise great care in making a § 1292(b) certification" (internal

quotations omitted)); *In re Ambac Fin. Grp., Inc. Sec. Litig.*, 693 F. Supp. 2d 241, 282 (S.D.N.Y.

2010) (observing that, as a general matter, "[i]nterlocutory appeals are strongly disfavored in

federal practice").  Because Plaintiffs fail to establish any of the rigorous statutory criteria, the

instant Motion must be denied.

## I.     THE ORDER DOES NOT INVOLVE A CONTROLLING QUESTION OF LAW.

Plaintiffs fail to identify any controlling question of law warranting immediate review.  A

question of law is "controlling" if reversal of the court's ruling would terminate the action or

materially affect the outcome of the litigation.  *See In re Flour City Bagels, LLC*, No. 16-CV-

6667, 2017 WL 1433339, at *3 (W.D.N.Y. Apr. 24, 2017) (Geraci, J.) (applying standard for 28

U.S.C. § 1292(b) to request for leave to appeal under 28 U.S.C. § 158(a)(3) and denying request

where, *inter alia*, movant merely took issue with the application of the relevant legal standard);

*see also Lillehagen v. Alorica, Inc.*, No. 13-CV-0092, 2014 WL 2009031, at *2–3 (C.D. Cal.

May 15, 2014) (finding an order under FLSA Section 216(b) did not present a controlling

question).

Here, it is undisputed that reversal of the Order would not terminate the action.  Even if

the Order were reversed, this Court would still be required to engage in a week-by-week,

employee-by-employee determination of whether each individual Plaintiff worked any time off

the clock, and then whether Section 7(i) applied to bar his claim for that particular week.  *See,*

*e.g.*, *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 773 (7th Cir. 2013) (rejecting plaintiffs'

proposal to present testimony from 42 "representative" members of the 2,341-member class

because it would be impossible to "extrapolate from the experience of the 42 to that of the 2341,"

in recognition of the fact that "[i]t's not as if each technician worked from 8 a.m. to 5 p.m. and

was forbidden to take a lunch break and so worked a 45–hour week (unless he missed one or

more days because of illness or some other reason) but was paid no overtime"). Other than determining the number of individuals for whom this Court must perform these countless individualized inquiries in this specific docket, reversal of the Order would do nothing to materially affect the outcome of the litigation. Therefore, as in countless other cases in which collective actions have been decertified under the FLSA, Plaintiffs simply "have not shown that this is an exceptional or unusual case in which interlocutory review is warranted." *See, e.g.*, *Mendez*, 411 F. Supp. 2d at 350 (holding that defendants had not shown that court's order under FLSA Section 216(b) was "an exceptional or unusual case in which interlocutory review is warranted"); *see also Lillehagen*, 2014 WL 2009031, at *2–3.

Despite the rather ordinary circumstances this case presents, Plaintiffs attempt to characterize this as an "unusual situation," wherein they have the purported "right" to seek permission to appeal the Rule 23 denial of class certification under Rule 23(f) but not of the decertification of the collective under the FLSA. Yet, Plaintiffs fail to acknowledge that this case is identical to legions of other hybrid FLSA-state law wage-and-hour actions, all of which necessarily have implicated both FLSA Section 216(b) and Rule 23. Indeed, this situation is not unusual at all: it is faced by parties in each and every FLSA hybrid action after certification or decertification. Courts nevertheless routinely deny such extraordinary requests for appellate relief. *See, e.g.*, *Bitner v. Wyndham Vacation Resorts, Inc.*, No. 13-CV-451, 2013 WL 384388 (W.D. Wis. Jan. 24, 2017) (denying motions to certify for immediate interlocutory review its decision denying decertification and to stay proceedings pending the outcome of a Rule 23(f) appeal). This Court should afford Plaintiffs no exception.[4]

---

[4]   Moreover, if it were so "controlling," presumably the Supreme Court, Congress, or the Judicial Conference would have agreed by now and promulgated a mechanism for the relief Plaintiffs request here.

Plaintiffs further contend that "the legal question of whether a particular defense is available to defeat a claim is considered a 'controlling question' for purposes of Section 1292." Motion, at 7.  As an initial matter, in their attempt to fit their square-peg legal questions into the "controlling question" round hole, Plaintiffs misstate their own proposed question of law. Plaintiffs do not seek to certify the question of whether the Section 7(i) defense is available to defeat their overall claims in this case; they seek to certify the very different question of whether assertion of the Section 7(i) exemption bars adjudication of their claims on a collective basis. *See* Motion, at 4; *id.* at 11 (citing *Casanova v. Gold's Tex. Holdings Grp., Inc.*, No. 13-CV-1161, 2016 WL 1241548, at *8).

This question, however, presents a strawman.  This Court did not rule that mere assertion of the Section 7(i) exemption categorically precludes collective action certification.  Rather, this Court determined, based on the extensive evidentiary record before it, that application of the Section 7(i) exemption in this case would require highly-individualized, week-by-week analyses that could not be adjudicated on a collective basis.

Moreover, even if Plaintiffs' characterization of this Court's ruling were accurate, it would still fail to present a controlling question of law.  At least one court (in a case cited by Plaintiffs no less) has already determined that the substantive issue of whether employees were paid a bona fide commission is not a controlling question under 28 U.S.C. § 1292(b) because it is simply one of the multiple elements necessary to determine whether Section 7(i) applies, and it therefore would not "accelerate disposition of the litigation."  *See Casanova v. Gold's Tex. Holdings Grp., Inc.*, No. 13-CV-1161, 2016 WL 1446233, *1 (W.D. Tex. Apr. 11, 2016) ("While this is a question of pure law, it is not controlling because the resolution of whether the compensation scheme is a bona fide commission would not have an immediate impact on the

course of the litigation.  This is so because the determination of whether Gold's Gym's compensation system is a bona fide commission is only one of many necessary elements for it to invoke the overtime pay exemption found at 29 U.S.C. § 207(i).").  The conclusion therefore applies *a fortiori* that Plaintiffs' preliminary procedural question as to how to litigate this substantive question, that ultimately itself "would not have an immediate impact on the course of the litigation," cannot be considered controlling as a matter of law.

With respect to their second proposed question, Plaintiffs seek to manufacture a controlling question of law by citing language from the Second Circuit's opinion in *Myers v. Hertz Corp.*, in which it acknowledges that it "has not explained how district courts should evaluate decertification."  *See* Motion, at 7 (citing *Myers v. Hertz Corp.*, 624 F.3d 537, 555-56 (2d Cir. 2010)).  District courts in this Circuit, however, have had no difficulty identifying and applying consistent standards at the decertification stage.  *See Gardner v. W. Beef Properties, Inc.*, No. 07-CV-2345, 2013 WL 1629299, at *4 (E.D.N.Y. Mar. 25, 2013), *report and recommendation adopted sub nom. White v. W. Beef Properties, Inc.*, No. 07-CV-2345, 2013 WL 1632657 (E.D.N.Y. Apr. 16, 2013) ("In resolving the 'similarly situated' inquiry at the decertification stage, a number of district courts in this Circuit have utilized an ad hoc approach, pursuant to which they review the following factors on a case-by-case basis: (1) the disparate factual and employment settings of the individual plaintiffs; (2) the defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations that counsel for or against maintaining a collective action." (citing *Zivali v. AT & T Mobility, LLC*, 784 F. Supp. 2d 456, 460 (S.D.N.Y. 2011); *Perkins v. S. New England Tele. Co.*, 669 F. Supp. 2d 212, 217–18 (D. Conn. 2009); *Ayers v. SGS Control Servs., Inc.*, No. 03–CV–9077, 2007 WL 646326, at *5 (S.D.N.Y. Feb. 27, 2007)).

Thus, despite Plaintiffs contrived contentions, there is no confusion amongst the district courts in this Circuit as to the correct standard to apply to decertification. Plaintiffs themselves claimed no confusion when they devoted three entire pages in their Opposition to Defendants' Motion to Decertify Plaintiffs' Conditionally Certified Collective Action to setting forth the exact same explicitly-articulated standard as the courts identified above. *See* WDNY Docket 10-6525, No. 184, at 3-5 (filed Aug. 23, 2013) ("At the second stage, district courts consider the following three factors in determining whether Plaintiffs and the opt-in Plaintiffs are in fact 'similarly situated': (1) Disparate factual and employment settings of the individual plaintiffs; (2) Various defenses available to defendant which appear to be individual to each plaintiffs; and (3) fairness and procedural considerations."). Plaintiffs' belated and disingenuous attempt to claim uncertainty or confusion about the applicable standards accordingly should be disregarded.

## II.   THE ORDER DOES NOT INVOLVE SUBSTANTIAL GROUNDS FOR DIFFERENCE OF OPINION.

Even if the questions Plaintiffs seek to certify were controlling, there is no substantial grounds for difference of opinion. For a substantial ground for dispute to exist, "there must be substantial doubt that the district court's order was correct." *Jackson*, 88 F. Supp. 3d at 142 (citing *SPL Shipping Ltd. v. Gujarat Cheminex Ltd.,* No. 06–CV–15375, 2007 WL 1119753, at *2 (S.D.N.Y. Apr. 12, 2007); *Gramercy Advisors, LLC,* 2014 WL 5847442, at *4 ("The requirement that a certified order contain substantial ground for difference of opinion cannot be met simply because one party is dissatisfied with the Court's ruling, any more than it can be defeated simply because the Court believes itself to be correct.")).

Here, based on the extensive evidentiary record before it, this Court held that application of the Section 7(i) exemption would require highly-individualized analyses antithetical to collective action treatment in this specific case. This well-reasoned decision was guided by, and

in accord with, the analyses of two other district courts that addressed strikingly similar circumstances. *See* Order, at 10-11 (citing *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 772 F. Supp. 2d 1111, 1126-27 (N.D. Cal. 2011) (denying FLSA collective action where defendants asserted plaintiffs were exempt under Section 7(i) despite plaintiffs' assertion that Section 7(i) defense could be defeated via common proof of whether commissions were bona fide commissions); *Johnson v. TGF Precision Haircutters, Inc.*, No. 03-CV-3641, 2005 WL 1994286, at *7 (S.D. Tex. Aug. 17, 2005) (finding that "the layers of fact findings required by § 7(i) as to each of [the] Plaintiffs present a case where the individualized claims and individualized defenses . . . would . . . swallow and consume the entire case" where defendants paid plaintiffs pursuant to a "fluctuating commission system" that included paying the greater of a guaranteed hourly rate or commissions)).  Although Plaintiffs "take[] exception to the Court's conclusions," their "disagreement with the Court is not the ground for a difference of opinion contemplated by the statute." *See Stevens v. HMSHost Corp.*, No. 10-CV-3571, 2015 WL 926007 (E.D.N.Y. Mar. 4, 2015) (denying 28 U.S.C. § 1292(b) certification of order revoking certification of collective action).

Despite the fact that there is little doubt as to the propriety of the Order, Plaintiffs contend that substantial grounds for difference of opinion exist because there purportedly is "conflicting" case law on the issue of whether the assertion of Section 7(i) as an affirmative defense precludes collective adjudication.  First, despite Plaintiffs mischaracterizations, neither this Court, nor any of the courts in the cases they cite, have issued a "categorical" ruling that the mere assertion of Section 7(i) precludes collective certification. *See* Motion, at 10-11.  Rather, the courts have applied the standards for decertification to the individual facts of each particular case and, because each case is different, have come to different conclusions.  Plaintiffs'

contention that there is "conflicting" case law only underscores that the district courts are assessing cases individually and are not "categorically" denying class certification.

Second, even if Plaintiffs were correct that this application of the law to the facts of each specific case amounted to "conflicting" case law, courts in multiple cases, including those cited by Plaintiffs, have emphasized that "[t]he fact that there is a [sic] some level of disagreement among the courts does not mean, however, that the standards of 1292(b) are necessarily satisfied." *See* Motion, at 7 (citing *SEC v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223 (S.D.N.Y. 2000) (denying certification under 28 U.S.C. § 1292(b))). Plaintiffs' failure to establish substantial grounds for difference of opinion further requires denial of their Motion.

### III.   IMMEDIATE APPEAL FROM THE ORDER WOULD NOT MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION.

Finally, Plaintiffs fail to establish that immediate appeal would materially advance the ultimate termination of the litigation. *See, e.g.*, *Lillehagen*, 2014 WL 2009031, at *7 (explaining that where "a substantial amount of litigation remains in th[e] case regardless of the correctness of the Court's ruling . . . , arguments that interlocutory appeal would advance the resolution of th[e] litigation are unpersuasive" (quoting *Friedman v. 24 Hour Fitness USA, Inc.,* No. 06–cv–6282, 2009 WL 545783, at *2 (C.D.Cal. Mar.3, 2009)).

As explained above, a substantial amount of litigation remains in this case regardless of whether the Order is reversed. *See supra* Section I. Regardless of the outcome of any appeal of this Court's decertification decision, and whether this case is adjudicated collectively or every former opt-in plaintiff files his own action, this Court would be forced to engage in a week-by-week, employee-by-employee analysis of every individual plaintiff's claims and whether they are precluded by application of Section 7(i) in any particular week. This is so because

determination that Section 7(i) is inapplicable would not *de facto* establish liability.[5]  Rather, as

this Court already observed in the Order, if Section 7(i) were found to be inapplicable for any

particular plaintiff in any particular week, that plaintiff would still need to prove that he worked

additional, uncompensated hours, of which Monro had knowledge, during that particular week.

Because appeal of the Order will not materially advance the ultimate termination of the

litigation, the Motion must be denied for this additional reason.

<u>**CONCLUSION**</u>

For the foregoing reasons, Monro respectfully requests that the Court deny the Motion

with prejudice.

Dated:   Rochester, New York
         May 17, 2017

**NIXON PEABODY LLP**
*Attorneys for Defendants
  Monro Muffler Brake, Inc. and
  Monro Service Corporation*


By:  /s/Stephen J. Jones
         Stephen J. Jones
         Todd R. Shinaman
         Kimberly K. Harding

1300 Clinton Square
Rochester, New York 14604
Tel:  (585) 263-1000
Email: sjones@nixonpeabody.com
         tshinaman@nixonpeabody.com
         kharding@nixonpeabody.com

---

[5]   It is undisputed that Monro pays technicians and ASMs at least the minimum wage for all
     hours worked up to forty (40) per week, and overtime at one and one-half times the
     employee's regular rate of pay for all hours worked over forty (40) per week.