UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN ELLERSICK,
DAVID ELLERSICK,
LEWIS C. YOUNGS, JR.,
RICHARD CURRY, JR., and
RICHARD H. TEMPLE,
ON BEHALF OF THEMSELVES AND ALL
OTHER EMPLOYEES SIMILARLY
SITUATED,

Case # 10-CV-6525-FPG

DECISION AND ORDER

                                Plaintiffs,

v.

MONRO MUFFLER BRAKE, INC. and
MONRO SERVICE CORPORATION,

                                Defendants.

After Defendants' Motions to Decertify and Deny Class Certification were granted, Plaintiffs moved this Court to certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), *see* ECF No. 227, and also moved the United States Court of Appeals for the Second Circuit for leave to appeal under Fed. R. Civ. P. 23(f). *See* Second Circuit Case No. 17-1083, ECF No. 1-1.

In general, Plaintiffs sought permission from the Second Circuit to take an interlocutory appeal regarding this Court's denial of class certification, while the certification motion pending before this Court deals with the Court's decertification of the class.

More specifically, Plaintiffs' proposed issue on appeal for certification under § 1292(b) would ask the Second Circuit to clarify the standard for decertification of a Fair Labor Standards Act collective action, and whether the assertion of the retail sales exemption categorically precludes collective adjudication. ECF No. 227-1 at 2.

By Order dated August 8, 2017, the Second Circuit (Lohier, Carney, and Droney, C.JJ.) denied Plaintiff's Rule 23(f) motion, finding that "an immediate appeal is unwarranted." *See* Second Circuit Case No. 17-1083, ECF No. 37.

Recognizing that the Second Circuit's decision to deny the Rule 23(f) application does not require this Court to deny the pending § 1292(b) certification motion, the Court nonetheless reaches the same conclusion, and finds that Plaintiffs have not satisfied the high standard for certification of an interlocutory appeal.

A district court may grant certification under § 1292(b) when it finds that the matter: (1) "involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "that an immediate appeal would materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "[T]he power to grant an interlocutory appeal must be strictly limited to the precise conditions stated in the law.... [O]nly exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri–Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir.1990) (internal quotation marks and citations omitted).

As such, "[i]nterlocutory appeals are strongly disfavored in federal practice." *In re Ambac Fin. Group, Inc. Sec. Litig.*, 693 F. Supp. 2d 241, 282 (S.D.N.Y. 2010). Indeed, Section 1292(b) "was not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation, or to be a vehicle to provide early review of difficult rulings in hard cases." *Martens v. Smith Barney, Inc.*, 238 F. Supp. 2d 596, 600 (S.D.N.Y. 2002). As the Second Circuit has cautioned, district courts should "exercise great care in making a § 1292(b) certification." *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distribution Corp*., 964 F.2d 85, 89 (2d Cir. 1992).

Further, the certification process is a discretionary decision first by the district court, and if so certified, then by the Second Circuit. *See Swint v. Chambers Cty. Commn*, 514 U.S. 35, 36 (1995) (§1292(b) confers on district courts first line discretion to certify for immediate appeal interlocutory orders deemed pivotal and debatable; this provision grants to the court of appeals discretion to review only orders first certified by the district court.).

Here, the Court finds that Plaintiffs have not satisfied the criteria of §1292(b). First, there is not a "substantial ground for difference of opinion" on the issue at hand. As discussed in the Court's prior Order, the district courts that have addressed similar situations presented here have reached the same conclusion that this Court did. Second, the proposed interlocutory appeal would not advance the ultimate termination of the litigation. Any decision on the merits would be delayed by an appeal at this time, and piecemeal appeals that do not "materially advance the ultimate termination of the litigation," are strongly discouraged. *See Koehler v. Bank of Bermuda Ltd.,* 101 F.3d 863, 865 (2d Cir. 1996). Further, because the Second Circuit has denied Defendants' request for interlocutory appeal under Rule 23(f) regarding this Court's denial of class certification, the Court finds it is highly unlikely that if this Court were to certify an interlocutory appeal under § 1292(b) that the Second Circuit would exercise its discretion to accept that interlocutory appeal.

## CONCLUSION

For all of these reasons, Plaintiffs' request (ECF No. 227) to certify an interlocutory appeal under 28 U.S.C. § 1292(b) is DENIED.

The parties shall appear on October 6, 2017 at 2:45pm to set a trial date.

IT IS SO ORDERED.

DATED:    September 26, 2017
               Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court