UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN ELLERSICK, DAVID ELLERSICK, LEWIS C. YOUNGS, JR., RICHARD CURRY, JR., and RICHARD H. TEMPLE, on behalf of themselves and all other employees similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MONRO MUFFLER BRAKE, INC. and MONRO SERVICE CORPORATION,<br><br>Defendants. | **No. 10-cv-6525-FPG** |
| SEAN HOHLT, AARON ROBINSON, ANTHONY GIACONOZZI, and ROBERT HEANEY, on behalf of themselves and all other employees similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MONRO MUFFLER BRAKE, INC.,<br><br>Defendant. | **No. 14-cv-6154-FPG** |

**ORDER ON UNOPPOSED MOTION FOR
FINAL SETTLEMENT APPROVAL**

These matters are before the Court upon Plaintiffs' Unopposed Motion for Final Settlement Approval.

The Court preliminarily approved the proposed settlement on March 1, 2018. ECF No. 254. Pursuant to the Court's Preliminary Approval Order and the Notice provided to the Class, the Court conducted a final fairness hearing as Federal Rule of Civil Procedure 23(e) requires. The Court reviewed the materials submitted and heard counsel's arguments at the hearing. For the

reasons cited on the record and those stated hereafter, the Court finds good cause to approve the Motion and it is ORDERED, ADJUDGED, and DECREED that the Unopposed Motion for Final Settlement Approval is GRANTED.

It is further ORDERED:

1. The Court finds that this action satisfies the requirements of Rule 23 for settlement purposes only and further finds that the Class Representatives and Class Counsel have at all times adequately represented the Settlement Class Members.

2. The Notices the Court approved were provided by First Class direct mail to the last-known address of each of the individuals identified as eligible Settlement Class Members. Additionally, follow-up efforts were made to send the Notice to those individuals whose original notices were returned as undeliverable. The Notice adequately described all of the relevant and necessary terms of the proposed Settlement, the request for service payments to the Named Plaintiffs, and Class Counsel's motion for an award of attorneys' fees and out-of-pocket litigation and settlement administration costs.

3. The Court finds that the Notice given to the Class fully complied with Rule 23, was the best notice practicable, satisfied all constitutional due process concerns, and provides the Court with jurisdiction over the Settlement Class Members.

4. The Court concludes that the Settlement is fair, reasonable, and adequate under state and federal laws, including the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("FLSA") and constitutes a compromise of a bona fide dispute. The Court finds that the uncertainty and delay of further litigation strongly supports the reasonableness and adequacy of the $1,950,000.00 Settlement Amount. The Court specifically finds that the settlement is reasonably related to the strength of the claims given the risk, expense, complexity, and duration of further litigation. The

Court also finds that the Settlement Agreement is the result of arms-length negotiations between experienced counsel representing the interests of the plaintiffs and defendant after thorough factual and legal investigation.

5. The Court reviewed and duly considered the objection to the settlement that John Bolton filed and hereby finds that it provides an insufficient basis to deny settlement approval in light of the findings set forth above.

6. The Settlement is HEREBY APPROVED in its entirety.

7. The $1,950,000.00 Settlement Amount shall be dispersed in accordance with the Settlement Agreement as detailed in Plaintiffs' Unopposed Motion for Preliminary Settlement Approval that the Court granted on March 1, 2018.

8. These cases are hereby DISMISSED IN THEIR ENTIRETY WITH PREJUDICE, with each party to bear his, her, or its own costs, except as set forth herein, and with the Court retaining exclusive jurisdiction to enforce the Settlement Agreement, including disbursement of the Settlement Amount. All Settlement Class Members (as defined in the Settlement Agreement) will be deemed to have forever released the Released Parties, as set forth in the Settlement Agreement. The following Release as set forth in the Settlement Agreement is hereby approved:

> In consideration of the Total Settlement Amount and the Agreement made herein, and upon the Effective Date, Plaintiffs and the Settlement Class Members and all their respective agents, successors, heirs, administrators, executors, and assigns, hereby release and forever discharge the Released Parties, from any and all claims, causes of action, demands, rights, damages, requests for equitable relief, expenses, interest, penalties, and attorneys' fees, arising out of the Released Parties' alleged non-payment of wages, and/or overtime compensation for work performed, including but not limited to, claims that were or could have been asserted in the Actions, claims for unpaid wages, deductions from wages, or overtime compensation, contractual or statutory overtime premium rates, under any and all state and federal laws or common law, orders, and regulations, including without limitation, the Fair Labor Standards Act, the New York Labor Law, the New York Minimum Wage Act, the Ohio Minimum Fair Wage Standards Act, the Connecticut Minimum Wage Act, the Massachusetts Minimum Fair Wage Law, and the New Jersey Wage and Hour Law, from the commencement of employment with Monro through and

including the Final Approval Date.  No claims arising after the Final Approval Date are being released by this Agreement.  This Release does not apply to Settlement Class Members who submit Opt-Out Forms pursuant to Paragraph 11 of the Definitions of this Agreement ("Opt-out").

The Release will apply to the Settlement Class Members regardless of whether they receive and/or redeem their payments from the Net Allocation Fund pursuant to the Settlement Agreement, with the exception of those Settlement Class Members who properly submitted Opt-Out Forms pursuant to the Settlement Agreement.

9. The Court enters Judgment approving the terms of the Settlement.  This Order constitutes a Final Judgment for purposes of Rule 58.

IT IS SO ORDERED.

Dated: June 8, 2018
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court